UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: 21−53015-JWJ |
| | : | |
| CATHERINE SANDERS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| S. GREGORY HAYS, | : | |
| Chapter 7 Trustee for Catherine Sanders, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADV. PRO. NO. |
| | : | |
| FIRST-CITIZENS BANK & TRUST COMPANY, | : | |
| ARDEN TRUST COMPANY and | : | |
| CATHERINE SANDERS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Catherine Sanders ("**Debtor**"), through undersigned counsel, and files this *Complaint* against First-Citizens Bank & Trust Company ("**First-Citizens**"), Arden Trust Company ("**Arden**") and Debtor (with First-Citizens and Arden, the "**Defendants**"), and respectfully shows:

### Jurisdiction and Venue

1. This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rules 7001(2) and (9).

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157.

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of the Debtor, Case No. 21-53015-JWJ (the "**Bankruptcy Case**" or "**Case**"), pending in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**").

4. This adversary proceeding is initiated under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. Defendants are subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail.

6. Trustee consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

### Statement of Facts

7. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on April 14, 2021 (the "**Petition Date**").

8. Trustee is the duly acting Chapter 7 trustee in the Bankruptcy Case.

9. On May 10, 2021, Debtor filed her schedules of assets and liabilities [Doc. No. 16] (the **"Schedules"**) together with her Statement of Financial Affairs [Doc. No. 16] (the "**SOFA**").

10. On her SOFA, Debtor lists income from Family Assistance, which apparently relates to distributions from a trust set up by her late mother's will (the "**Trust**"). On the Debtor's 2019 tax return, she lists dividend income of $12,058 from "Robertson, L B 9820000770."

11. The Trust, or any payments to Debtor from the Trust, is property of the Bankruptcy Estate.

12. Arden handled the Trust from at least February of 2023 through September of 2023.

13.    First-Citizens handled the Trust from November of 2023 through February of 2025.

14.    Records obtained from Debtor and other sources indicate that Debtor received Trust payments from Arden in the total amount of $10,000.00 after the Petition date and Trust payments from First-Citizens in the total amount of $20,000.00 after the Petition Date.

**COUNT I**
**(Claim for Turnover under 11 U.S.C. § 542)**

15.    Plaintiff realleges the allegations of paragraphs 1 through 13 above as though fully set forth herein.

16.    Debtor's interest in the Trust became property of the Bankruptcy Estate as of the Petition Date.

17.    Plaintiff seeks immediate turnover from First-Citizens or from Arden of all amounts held in the Trust and any other amounts owed to the Debtor by First-Citizens or by Arden.

18.    Following the Petition Date, Debtor received the following payments from the funds in the Trust:

| Date | Name | Amount |
|---|---|---|
| 02/28/23 | Arden Trust | $1,000.00 |
| 03/01/23 | Arden Trust | $1,000.00 |
| 03/27/23 | Arden Trust | $1,000.00 |
| 04/25/23 | Arden Trust | $1,000.00 |
| 05/25/23 | Arden Trust | $1,000.00 |
| 06/26/23 | Arden Trust | $1,000.00 |
| 07/25/23 | Arden Trust | $2,000.00 |
| 08/25/23 | Arden Trust | $1,000.00 |
| 09/25/23 | Arden Trust | $1,000.00 |
| 11/03/23 | First Citizen Trust | $1,000.00 |
| 11/22/23 | First Citizen Trust | $1,000.00 |
| 12/26/23 | First Citizen Trust | $1,000.00 |
| 01/31/24 | First Citizen Trust | $1,000.00 |
| 02/23/24 | First Citizen Trust | $1,000.00 |
| 03/25/24 | First Citizen Trust | $1,000.00 |

| | | |
|---|---|---|
| 03/27/24 | First Citizen Trust | $250.00 |
| 04/23/24 | First Citizen Trust | $1,250.00 |
| 05/23/24 | First Citizen Trust | $1,250.00 |
| 06/24/24 | First Citizen Trust | $1,250.00 |
| 07/22/24 | First Citizen Trust | $1,250.00 |
| 08/23/24 | First Citizen Trust | $1,250.00 |
| 09/24/24 | First Citizen Trust | $1,250.00 |
| 10/22/24 | First Citizen Trust | $1,250.00 |
| 11/25/24 | First Citizen Trust | $1,250.00 |
| 12/24/24 | First Citizen Trust | $1,250.00 |
| 01/23/25 | First Citizen Trust | $1,250.00 |
| 02/25/25 | First Citizen Trust | $1,250.00 |
| | | $30,000.00 |

19.     Pursuant to section 542(a) of the Bankruptcy Code:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title … shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

20.     Pursuant to 11 U.S.C. § 542(a), the Plaintiff is entitled to the turnover of $30,000.00 from the Debtor.

21.     Pursuant to 11 U.S.C. § 542(a), the Plaintiff is entitled to the turnover of any amounts held in the Trust by First-Citizens and/or by Arden.

WHEREFORE, Plaintiff prays that this Court enter:

a) a judgment in favor of Plaintiff and against Debtor requiring the turnover of $30,000.00 and any other amounts Debtor has received from the Trust following the Petition Date under 11 U.S.C. § 542;

b) a judgment in favor of Plaintiff and against First-Citizens and/or Arden Defendant requiring the turnover of any amounts held in the Trust to the extent to which the Debtor

is the beneficiary of the Trust or entitled to payment from the Trust, under 11 U.S.C. § 542;

c) a judgment in favor of Plaintiff and against Defendants reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

d) a judgment in favor of Plaintiff and against Defendant granting such other and further relief as is just and proper.

Respectfully submitted this 20th day of October, 2025.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    mbargar@rlkglaw.com
    William D. Matthews
    Georgia Bar No. 470865
    wmatthews@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220